UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:16-CV-146-TBR-LLK

GUY JANTZEN HIBBS                                                                                  PLAINTIFF

v.

TIMOTHY TODD MARCUM, *et al.*                                                            DEFENDANTS

**OPINION AND ORDER**

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for resolution of all discovery issues. (Docket #13).

Plaintiff, Guy Jantzen Hibbs, filed this Motion to Compel. (Docket # 35). Defendants, Timothy Todd Marcum, Daniel Shipp, and Colonel John Aubrey, filed a Response in opposition, arguing that the documents requested are not relevant and are protected by psychotherapist-patient privilege and that disclosure would offend basic notions of public policy. (Docket # 39). Plaintiff did not file a Reply Brief; this Motion is now ripe for adjudication. For reasons detailed below, Plaintiff's Motion is DENIED. (Docket # 35).

**Background**

On March 5, 2015, Defendant Marcum pulled Plaintiff over for allegedly disregarding a stop light. The parties disagree over what happened during the traffic stop; however, it is undisputed that Plaintiff was arrested, taken to jail, and charged with disregarding the stop light, having his license plate obscured by snow, fleeing and evading, and menacing. Plaintiff brought suit against Defendants alleging the following counts: (i) excessive force, (ii) search and seizure, (iii) false arrest, (iv) violation of due process, (v) malicious prosecution, (vi) infringement on the right to bear arms, (vii) failure to implement appropriate policies, customs, and practices,(viii)

assault and battery, (ix) false arrest/imprisonment, (x) negligent hiring, supervision, retention, and training, and (xi) failure to intervene/duty to protect. (Docket # 1).

Plaintiff has served and Defendants have answered formal interrogatories, requests to produce, and supplemental interrogatories. (Docket # 35-1,12, Ex.'s A, L). Plaintiff has also taken the deposition of Defendant Marcum. (Docket # 35-13,14, Ex.'s M, N).

Plaintiff fails to articulate what information and documents he seeks to compel, thus leaving the Court to guess at what relief he is requesting. Although Plaintiff has included his formal interrogatories and responses, requests to produce and responses, supplemental interrogatories and responses, and parts of Defendant Marcum's deposition as exhibits to his Motion (Docket # 35), nowhere in Plaintiff's Motion does Plaintiff provide the Court with a specific response to an interrogatory or request to produce that he deems inadequate. Moreover, Plaintiff's Motion to Compel is inconsistent in that he requests only "any and all of Marcum's non-confidential psychiatric records, evaluations, reports, consultations, and/or tests- which were disclosed to an employer, requested by an employer, and/or related to employment" in the opening paragraph and then proceeds to list five different requests in his conclusion paragraph[1]. Because Plaintiff's conclusion paragraph contains several requests (Docket # 35, p. 16), the Court will assume that Plaintiff intended to compel only those responses and production of documents.

---

[1] "The Plaintiff, THEREFORE, asks this Court for an Order compelling the Defendant, Timothy Todd Marcum, [i] to produce any and all records regarding his treatment, care, evaluation, testing, and/or counseling with the Lexington Psychiatric Group, [ii] to respond to questions regarding said treatment, care, evaluation, testing, and/or counseling, [iii] to produce any and all documents regarding any and all pre-employment psychiatric evaluations, [iv] to produce any and all periodic psychiatric evaluations performed in connection with his employment or at the request of an employer, and [v] to answer questions (with specific information) regarding any and all pre-employment evaluations performed in connection with his employment or at the request of an employer." (Docket # 35, p. 16).

**Legal Standard**

Federal Rule of Civil Procedure 37 provides enforcement mechanisms for Federal Rules of Civil Procedure 33 and 34. According to Rule 37, if a party does not respond to an interrogatory or to a request for production, the party requesting the discovery may move the court to compel the opposing party to respond. FED. R. CIV. P. 37(a)(2)(B). An evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond. FED. R. CIV. P. 37(a)(3). Under Rule 37(a)(3) of the Federal Rules of Civil Procedure, a motion to compel may only be made if the non-moving party failed to answer or respond to a proper discovery request. FED. R. CIV. P. 37(a)(3).

Federal Rule of Civil Procedure 26(b)(1) is the touchstone for the scope of civil discovery. *Pogue v. NorthWestern Mut. Life Ins. Co.*, No. 3:14-CV-598-CRS, 2017 WL 3044763, at *4 (W.D. Ky. July 18, 2017). Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…Information within the scope of discovery need not be admissible in evidence to be discoverable." FED. R. CIV. P. 26(b)(1). Relevance is broadly construed to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on any party's claim or defense. *Pogue*, 2017 WL 3044763, at *5. The Court has wide discretion when dealing with discovery matters, including whether information might be relevant. *Id*. Rule 26 was also recently amended to include a proportionality provision. *Id*. (citing *Albritton v. CVS Caremark Corp.*, 2016 U.S. Dist. LEXIS 83606 at *4, 2016 WL 3580790 (W.D. Ky. June 28, 2016) ("Proportionality is the touchstone of the revised Rule 26(b)(1)'s scope of discovery provisions.").

**i. Plaintiff's request for the production of "any and all records regarding his treatment, care, evaluation, testing, and/or counseling with the Lexington Psychiatric Group."**

Plaintiff seeks any and all records from Lexington Psychiatric Group. Plaintiff contends that these records are directly relevant to the current case because they show or could show whether Defendant Marcum has any propensity to engage in misconduct and/or have the tendency to escalate confrontations. Plaintiff also asserts that these records are not protected by the psychotherapist-patient privilege because Defendant Marcum's records were disclosed to his employer, Jessamine County Sheriff's Office, and Defendant Marcum knew that his records were disclosed to his employer. In response, Defendant Marcum asserts that his records from Lexington Psychiatric Group do not prove or disprove his alleged tendency to escalate confrontations or engage in misconduct. Defendant Marcum further argues that even if the records are deemed relevant, they are protected by the psychotherapist-patient privilege because he reasonably expected that they would be kept confidential. Plaintiff's request for the production of any and all records regarding treatment and counseling with the Lexington Psychiatric Group is denied because it is overly broad. Moreover, the specific records that are related to Charles I. Shelton's recommendation to Jessamine County Sheriff's Office to excuse Defendant Marcum from work in 2004 are protected by the psychotherapist-patient privilege.

Plaintiff's request is overly broad because it is not limited to the Lexington Psychiatric Group records that were allegedly disclosed to Defendant Marcum's employer, Jessamine County Sheriff's Department, nor is Plaintiff's request limited in scope. Additionally, Plaintiff's request is broader than his previous request to produce: "[p]lease produce any and all notes, memos, evaluations, examinations, reports….that in anyway concern your qualifications, suitability, capabilities, mental, emotional, psychological, and/or physical condition for

employment with any law enforcement agency." (Docket #35-1, Request to Produce #5, pp. 21-22). Therefore, Plaintiff's Motion to Compel any and all records regarding Defendant Marcum's treatment, care, evaluation, testing, and/or counseling with the Lexington Psychiatric Group is DENIED.

Alternatively, even if the Court limited Plaintiff's request to only those records related to the recommendation to Jessamine County Sheriff's Office to excuse Defendant Marcum from work in 2004, Plaintiff's request would still be denied. For reasons explained below, Defendant Marcum has met his burden and established that the psychotherapist-patient privilege exists for the specific records from Lexington Psychiatric Group referenced in the 2004 emails and he did not waive that privilege.

The psychotherapist/patient evidentiary privilege is recognized by the Supreme Court and is well-established in the Sixth Circuit. *See Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996); *United States v. Hayes*, 227 F.3d 578, 581 (6th Cir. 2000); *Pliego v. Hayes*, 86 F. Supp. 3d 678, 691 (W.D. Ky. 2015). Under Kentucky Rules of Evidence 507(b), a patient has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications, made for the purpose of diagnosis or treatment of the patient's mental condition, between the patient and the patient's psychotherapist. KRE 507(b). Defendant Marcum carries the burden of establishing the existence of the psychotherapist-patient privilege. *Burkhead & Scott, Inc. v. City of Hopkinsville*, No. 5:12-CV-00198-TBR, 2014 WL 6751205, at *2 (W.D. Ky. Dec. 1, 2014). In doing so, Defendant Marcum must demonstrate that the privilege has not been waived. *United States v. Owensboro Dermatology Assocs., P.S.C.*, No. CV 4:16-MC-00003-JHM, 2017 WL 2926026, at *5 (W.D. Ky. July 7, 2017), objections overruled, No. 4:16-MC-00003-JHM, 2017 WL 3841684 (W.D. Ky. Sept. 1, 2017).

In *Jaffee*, the Supreme Court recognized the privilege and held that "confidential communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence." *United States v. Hayes*, 227 F.3d 578, 581-82 (6th Cir. 2000) (discussing *Jaffee v. Redmond*, 518 U.S. 1, 15, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996)). Shielding discussions in the course of therapy facilitates an atmosphere of confidence and trust conducive to meaningful treatment. *Id.* at 582 (discussing *Jaffee*, 518 U.S. at 10, 116 S.Ct. 1923). The Supreme Court specifically rejected a balancing of the need for the information against the need for confidentiality as a test for determining whether the privilege applied. *Id.* (discussing *Jaffee*, 518 U.S. at 17, 116 S.Ct. 1923).

Plaintiff argues that the psychotherapist-patient privilege does not apply because Defendant Marcum's records were disclosed to his employer, Jessamine County Sheriff's Office, and Defendant Marcum knew that his records were disclosed to his employer. Plaintiff contends that a series of emails (Docket # 35- 3, 4, 5) between Jessamine County Employees and the Sheriff show that Charles I. Shelton, D.O. of Lexington Psychiatric Group, made a recommendation to Jessamine County Sheriff's Department which resulted in the Department's granting Defendant Marcum medical leave shortly before he resigned. Plaintiff argues that these emails establish that the Lexington Psychiatric Group disclosed information about Defendant Marcum to Jessamine County, thereby negating any psychotherapist-patient privilege.

Plaintiff asserts that since *Jaffee*, federal courts have generally held that mental health records must be protected from discovery unless it can be demonstrated that the patient has no reasonable expectation that the communications will remain private. *See, e.g., Estate of Turnbow v. Ogden City*, 254 F.R.D. 434, 437 (D. Utah 2008) (holding that no psychotherapist-patient

privilege existed for mental health evaluation conducted prior to employment with police department because it was clear on the face of a letter in the record that the records would be disclosed to the police department); *Scott v. Edinburg*, 101 F. Supp. 2d 1017, 1020 (N.D. Ill. 2000) (concluding that no psychotherapist-patient privilege existed because prior to the evaluation, the police officer was informed that the evaluation and testing results would be reviewed by the police chief and the psychologist's written report could be subpoenaed in a lawsuit); *see also Kamper v. Gray*, 182 F.R.D. 597, 599 (E.D. Mo.1998) (rejecting the existence of a psychotherapist patient privilege because the police officer was aware that his mental health evaluations would be reported to his employer, thereby negating any reasonable expectation of confidentiality regarding his communications with the therapist).

However, Defendant Marcum asserts that other federal courts have held that the psychotherapist-patient privilege applied to an officer's mental health records even when the psychotherapist opined to the officer's police chief whether the officer was fit for duty. *James v. Harris Cnty*, 237 F.R.D. 606 (S.D. Tex. 2006) (deputy sheriff had a reasonable expectation of privacy in substance of mandatory post-shooting counseling sessions with social worker, and thus matters discussed in sessions were protected by psychotherapist-patient privilege even when the psychotherapist disclosed to the department the officer's fitness to return to duty); *Caver v. City of Trenton*, 192 F.R.D. 154, 162 (D.N.J. 2000) (officer had a reasonable expectation of privacy and his records were protected by the psychotherapist-patient privilege even when the psychotherapist gave a "pass" or "fail" recommendation of fitness for duty to the department).

Defendant Marcum has carried his burden in showing that the psychotherapist-patient privilege exists for the specific records from Lexington Psychiatric Group referenced in the 2004 emails and that it was not waived. First, Defendant Marcum asserts that he testified through

7

verified interrogatory responses that, to the extent he has ever received any psychotherapy, he reasonably expected the communications to be private and confidential. (Docket # 39, p. 10). Second, Defendant Marcum asserts that the emails that Plaintiff relies upon show that Lexington Psychiatrist Group sent a doctor's note (a letter) regarding Defendant Marcum's leave from work, not Defendant Marcum's actual records. (*Id*. referring to Plaintiff's Exhibit C). Third, another email from the Sheriff shows that his excuse from work was not work-related. (*Id*. referring to Plaintiff's Exhibit C). Fourth, Defendant Marcum asserts that Plaintiff's requests, issued pursuant to Kentucky Open Records Act, show that no psychiatric records were produced to Jessamine County Sheriff's Office. (*Id*.). Jessamine County Sheriff's Office's response to Plaintiff's request did not indicate that the records were even redacted or otherwise withheld. (*Id*.). Accordingly, even when limited, Plaintiff's Motion to Compel the specific records from Lexington Psychiatric Group referenced in the 2004 emails is DENIED.

ii. **Plaintiff's request for responses to "questions regarding said treatment, care, evaluation, testing, and/or counseling."**

The Court assumes that Plaintiff is requesting responses concerning Defendant Marcum's counseling and/or treatment at the Lexington Psychiatrist Group. Since the Court found that Defendant Marcum's records from Lexington Psychiatric Group in 2004 are protected by the psychiatric-patient privilege and Defendant Marcum did not waive that protection, any information regarding that treatment and/or counseling is also protected. Therefore, Plaintiff's Motion to Compel responses to "questions regarding said treatment, care, evaluation, testing, and/or counseling is DENIED.

iii. **Plaintiff's request for the production of "any and all documents regarding any and all pre-employment psychiatric evaluations performed in connection with his employment or at the request of an employer."**

Plaintiff asserts that Defendant Marcum testified that he underwent pre-employment screening for various employers. Plaintiff contends that Defendant Marcum's deposition testimony contradicts his verified interrogatory answers, which indicated that he never underwent any psychiatric or mental health evaluation, treatment, or testing that he believed would be disclosed to his employer. Plaintiff relies on Defendant Marcum's deposition testimony where he conceded that although he underwent pre-employment screenings, he did not remember which places of employment required him to do so. (Docket # 35-14, Marcum Dep., 117:14-118: 22).

Defendant Marcum asserts that his complete personnel file from the Jefferson County Sheriff's Office has already been produced. (Docket # 39, p. 9).

The determinative factor assessing the existence of a psychotherapist-patient privilege is whether Defendant Marcum had a reasonable expectation of confidentiality relating to the pre-employment psychiatric evaluations performed in connection with his employment or at the request of his employer. *Estate of Turnbow v. Ogden City*, 254 F.R.D. 434, 437 (D. Utah 2008) (citing *James v. Harris Co.*, 237 F.R.D. 606, 611-12 (S.D. Tex. 2006)). Defendant Marcum admitted that he underwent pre-employment screening to make sure he was mentally fit for his various jobs. The psychiatric-patient privilege may not protect these pre-employment screenings if the evaluations were disclosed as part of the application process.

However, Plaintiff's request is overly broad on its face because it is not limited to pre-employment psychiatric evaluations performed in connection with his employment with law enforcement or at the request of a law enforcement type of employer. Additionally, Plaintiff's request is unlimited in scope. Plaintiff is not entitled to each and every pre-employment psychiatric evaluation throughout Defendant Marcum's lifetime. Therefore, Plaintiff's Motion to

Compel any and all documents regarding any and all pre-employment psychiatric evaluations performed in connection with his employment or at the request of an employer is DENIED.

    iv. **Plaintiff's request for production of "any and all periodic psychiatric evaluations performed in connection with his employment or at the request of an employer."**

Plaintiff fails to show how Defendant Marcum failed to fully answer or provided an evasive or incomplete answer to Plaintiff's initial request. Under Federal Rule of Civil Procedure 37, a party requesting discovery may move the court to compel the opposing party to respond to an unanswered, evasive, or incomplete interrogatory or request for production. FED. R. CIV. P. 37(a)(2)(B). A motion to compel may only be made if the non-moving party failed to answer or respond to a proper discovery request. FED. R. CIV. P. 37(a)(3).

In Plaintiff's Interrogatory No. 14, Plaintiff asked Defendant Marcum whether he ever underwent evaluation, testing, and/or treatment for anything related to substance abuse and/or mental, emotional, and/or psychological health. (Docket 35-1, Interrogatory No. 14, p. 10). In response, Defendant Marcum stated that he underwent routine evaluation post any critical event per policy and procedure of all law enforcement agencies he has been employed with and directed Plaintiff to see his personnel file. (*Id.*).[2] In his Motion to Compel, Plaintiff fails to explain why Defendant Marcum's response was inadequate. Accordingly, Plaintiff's Motion to Compel any and all periodic psychiatric evaluations performed in connection with Defendant Marcum's employment or at the request of an employer is DENIED.

    v. **Plaintiff's request for responses "(with specific information) regarding any and all pre-employment psychiatric evaluations and periodic psychiatric evaluations performed in connection with his employment or at the request of an employer."**

---

[2] Plaintiff's Request to Produce No. 30 requested production of any and all documents related or incidental to evaluation(s), testing, counseling, and/or treatment referenced in response to Interrogatory No. 14. Docket 35-1, Request to Produce No. 30, p. 31.

Plaintiff argues that Defendant Marcum failed to answer certain questions during his deposition. Plaintiff requests responses to the contested deposition questions below:

1) Q: "Do you know if the Lexington Psychiatric Group ever provided a letter as referenced in the June 1st, 2004 e-mail from your doctor?" Marcum Dep., 90:7-9.

2) Q: "Did you ever authorize anyone from the Lexington Psychiatric Group to provide your employer with a letter from the doctor?" Marcum Dep., 90:11-13.

3) Q: "And again, a broader question, can you tell me what you were treating for there?" Marcum Dep., 90:16-17.

4) Q: "[B]ut did you resign from that department (Jessamine County) before or after you finished treatment with the Lexington Psychiatric Group?" Marcum Dep., 90:23-91:1.

5) Q: "Did you authorize the Lexington Psychiatric Group to send any excuse slips as they're called here, medical leave excuse slips to your employer?" Marcum Dep., 93:11-13.

(Docket # 35-13).

Plaintiff has not shown how questions 1, 2, and 5 are relevant to this case. Questions relating to whether or not Defendant Marcum authorized a letter to be sent or whether a letter was actually sent to Jessamine County Sheriff's Office are only relevant for determining whether or not the letter from the Lexington Psychiatric Group exists. These questions do not open the door for the underlying mental health records from Lexington Psychiatric Group or any records beyond the letter. Regardless, Plaintiff is not asking for the letter in this Motion to Compel. Accordingly, Plaintiff's Motion to Compel responses to these two deposition questions are DENIED.

The third deposition question deals with information that the Court found is protected by the psychotherapist-patient privilege. Therefore, Plaintiff's Motion to Compel a response to this deposition question is DENIED.

Plaintiff has not shown how the last deposition question is relevant to this case. *See* FED. R. CIV. P. 26(b)(1). As such, Plaintiff's Motion to Compel a response to this deposition question is DENIED.

**Conclusion**

Plaintiff's Motion to Compel is DENIED. (Docket # 35).

Lanny King, Magistrate Judge
United States District Court

c: Counsel

February 20, 2018