UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CASE NO. 3:16-CV-146-TBR-LLK

GUY JANTZEN HIBBS                                                    PLAINTIFF

v.

TIMOTHY TODD MARCUM, *et al*.                                       DEFENDANTS

## OPINION AND ORDER

Senior Judge Thomas B. Russell referred this matter to Magistrate Judge Lanny King for ruling on all discovery issues. (Docket # 13). This matter is before the Court on Plaintiff's Motion to Set Definitive Deadlines for Discovery and Expert Disclosures. (Docket # 48). Defendants have responded in opposition and Plaintiff has replied. (Dockets # 50, 52). This Motion is now ripe for adjudication.

Plaintiff's original Motion (Docket # 48) requested an additional thirty days to conduct the following three categories of discovery: (1) to issue subpoenas to various organizations and agencies through which Defendants received training; (2) to depose Sheriff John Aubrey or a corporate representative regarding training relevant to Plaintiff's claims; and (3) to conduct a second deposition of Defendant Deputy Shipp regarding the "cabinet full of documents" which Deputy Shipp cannot locate. (Docket # 48). Additionally, Plaintiff requested sixty days to identify and disclose experts. (*Id*.). Defendants' Response argued that Plaintiff's requests were untimely; however, they did not object to Plaintiff's request for additional time to disclose experts. (Docket # 50). In an effort to cooperate, Plaintiff's Reply only requests an extension of time to conduct the first two categories of discovery and the extension of time for expert disclosures. (Docket # 52).

For reasons detailed below, the Court shall GRANT in part and DENY in part Plaintiff's Motion. (Docket # 48). Plaintiff's request to extend the discovery deadline to allow time to issue subpoenas to third parties regarding Defendants' training and to depose a corporate representative or Sheriff John Aubrey is denied. Plaintiff's request to extend the expert disclosure period is granted. Plaintiff shall have sixty days from the entry of this Order to identify and disclose experts.

## Procedural Background

On June 21, 2016, the Court entered the initial scheduling order. (Order; Docket # 13). On April 25, 2017, the parties submitted an Agreed Motion For an Extension of Time to File Pretrial Documents and Remand Trial Date. (Docket # 28). On October 5, 2017, the Court entered a second scheduling order, which included the following deadlines: Plaintiff's expert disclosures are due by March 1, 2018; Defendants' expert disclosures are due by April 1, 2018; dispositive motions due by June 8, 2018; discovery closes February 1, 2018; expert discovery closes May 15, 2018; and a final pretrial conference is scheduled with Judge Russell on September 7, 2018. (Order; Docket # 34).

Defendant Deputy Shipp was deposed in August 2017. It is undisputed that Defendant Shipp testified to keeping numerous training documents from over the years at his house.[1]

On December 8, 2017, the Court held a telephonic status conference to address Plaintiff's Motion to Compel, which had been filed on October 20, 2017, without leave of Court. (Order; Docket # 38). During the status conference, Plaintiff raised no issue involving the unanswered discovery. The Court granted Plaintiff retroactive leave to file her Motion to Compel. (Order;

---

[1] Q: "So at some point in time, you get some type of manual book or binder?
A: " Yes, sir, many."
…
Q: Do you—and you have that? You maintain that at your house?
A: Oh, yes, sir.
(Docket # 48-3: Shipp Dep. 175:5-7; 176:13-15).

Docket # 38). In its Order, the Court specifically provided that, "[i]f the Motion to Compel is granted, the parties are instructed to meet and confer, and then contact the Court, to set a call to review the scheduling order." (Order; Docket # 38). On February 20, 2018, the Court denied Plaintiff's Motion to Compel. (Order; Docket # 41).

On February 1, 2018, Judge Russell referred this case to Judge King for settlement. (Order; Docket # 40).

On March 1, 2018, the Court held a second telephonic status conference. (Order; Docket # 43). During the status conference, Plaintiff advised the Court that he had previously requested all of the training documents that Defendant Deputy Shipp testified to acquiring over the years and keeping in his house. Defendants agreed to produce the requested materials and the Court ordered Plaintiff to review the materials prior to the next scheduled status conference on March 16, 2018. (Order; Docket # 43). Prior to March 16, 2018, Defendants informed Plaintiff that Deputy Shipp could not locate any of the training materials.

On March 16, 2018, Plaintiff filed this Motion, effectively amending his initial motion to set new, definitive deadlines for discovery and expert disclosures that was filed on March 12, 2018. (Docket # 48). Plaintiff requests this Court to extend the fact discovery deadline and Plaintiff's expert disclosures deadline. Plaintiff requests thirty days to (1) issue subpoenas to various organizations that provided Defendants with training materials regarding traffic stops, use of force, and arrests, and (2) depose Sheriff Aubrey or a corporate representative regarding training relevant to Plaintiff's claims. Plaintiff requests sixty days for expert disclosures.

**Legal Standard**

Federal Rules of Civil Procedure 16(b)(4) provides that a scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). District

courts have broad discretion in managing the discovery process and controlling their dockets. *Marie v. Am. Red. Cross*, 771 F.3d 344, 366 (6th Cir. 2014). The Sixth Circuit has established a number of factors for district courts to consider when determining whether good cause exists to modify a discovery schedule, including: "(1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to . . . prior discovery requests." *Bentkowski v. Scene Magazine*, 637 F.3d 689, 696 (6th Cir. 2011) (quoting *Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010)). The primary measure of these factors and the good cause standard, however, is "whether the moving party was diligent in pursuing discovery." *Bradford v. Shrock*, No. 3:11CV-00488-DJH, 2017 WL 3444801, at *2 (W.D. Ky. Aug. 10, 2017) (citing *Marie*, 771 F.3d at 366) (additional citation omitted)).

The court should also consider whether there would be any prejudice to the party opposing the modification of the discovery schedule. *Id.* (citing *Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002*)* (additional citation omitted)). However, while prejudice is a factor to be considered, it is not a controlling one. *Needler v. Coca-Cola Refreshments USA, Inc.*, 3:13-CV-781-CRS, 2014 WL 8275991, at *3 (W.D. Ky. Nov. 19, 2014), modified, 3:13-CV-781-CRS, 2015 WL 1346783 (W.D. Ky. Mar. 24, 2015). Moreover, the party that fails to show good cause will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. *Id.* (citing *Interstate Packaging Co. v. Century Indemnity Co.*, 291 F.R.D. 139, 145 (M.D. Tenn. 2013) (additional citations omitted)).

*Training Materials*

Plaintiff contends that he worked diligently to obtain the training documents and that only recently, on March 9, 2018, Defendants informed Plaintiff that the training materials were lost. However, Plaintiff's own Motion to Set Definitive Deadlines and attached exhibits show that he learned of and knew about the training materials prior to March 9, 2018. (Dockets # 48-1, 4, 5, 7, 8). For example, Plaintiff initially requested information and documents regarding all training and special training in his first set of interrogatories and requests for production.[2] (Docket # 48-1; Interrog. # 25; RPDs # 13, 27, 31). According to the attached exhibit, Defendants responded to the interrogatory and each of the requests to produce on November 9, 2016, and directed Plaintiff to see the attached personnel file. (*Id.*). Specifically, Defendants stated that all of the documents that they had in their possession were attached. (*Id.*). Plaintiff knew of the discovery he sought from Defendants in November 2016 and could have subpoenaed the third party organizations to produce the training documents earlier than March 2018.

Plaintiff also argues that he relied on Defendants to produce the training materials that were discussed during Deputy Shipp's deposition. (*See* Docket # 48-3). Plaintiff contends that

---

[2]"State whether you have received any special training for your current employment position, and if so, state the nature and substance of the training you received, the inclusive dates of the period during which you received such training, the name and address of each specialized school or program you attended to receive said training, and the degree or certificate, if any, that you received from each such specialized school or program." Interrog. # 25.

"Please produce any and all documents, in any format, including, but not limited to, workbooks, manuals, text books, worksheets, power point presentations, memorandums, emails, online information, e-books, and/or digital materials related or incidental to any training and/or education you have received for or related to work in law enforcement- at any time (i.e. before working for Jefferson County, while working for any law enforcement agency, prior to applying for employment with any law enforcement agency, and/or while working for Jefferson County)." RPD # 13.

"Please produce any and all handbooks, employee manuals, policies and procedures, operations and/or protocol documents, training manuals, and any and all other documents whether written or electronic…which were in effect, given to you, and/or made available to you prior to the Subject Incident regarding the Jefferson County Sheriff's Department policies, procedures, rules, guidelines, regulations, protocol, operations, and/or standards. RPD # 27.

"Please produce any and all documents related or incidental to any training identified in the above Interrogatories." RPD # 31.

although Defendants produced training files in response to Plaintiff's written discovery, those training files only contained transcripts and certificates of completion rather than any actual training substance. Plaintiff argues that if Deputy Shipp testified that he did not have all of the training materials that he received over the years then Plaintiff would have issued third-party discovery. Plaintiff stresses that he would have addressed this issue sooner, but until March 1, 2018, he had no indication that Defendants did not actually intend to produce the relevant training materials.

A bulk of Plaintiff's Motion focuses on the idea that Defendants have never produced anything reflecting what they were actually trained to do. As stated above, Plaintiff received Defendants' responses in November 2016. Plaintiff proceeded to take Defendants' depositions in August 2017. Plaintiff had nine months prior to Deputy Shipp's deposition to subpoena third-parties for training materials. Furthermore, if Plaintiff was not satisfied with Defendants' responses to written discovery, he could have a) addressed this issue with the Court, b) addressed this issue in his prior Motion to Compel (Docket # 38), or c) requested leave to file a separate motion to compel with the Court. The fact that Plaintiff later learned that Deputy Shipp kept those training materials does not restart the discovery period because these materials could have been subpoenaed at any time prior to February 1, 2018. Plaintiff should have been aware of his need to either file a motion to compel and/or subpoena the training materials prior to the close of discovery.

Moreover, Plaintiff's own exhibit shows that he contemplated issuing subpoenas to providers regarding course material on November 20, 2017. (*See* Docket # 48-8). In an email chain between Plaintiff and Defendants, Plaintiff stated that (in relation to course material) "I will issue subpoenas to as many providers as I can locate." (*Id*.). Regardless of whether the

course materials referenced in the exhibit are the same as the training materials requested now, this exhibit shows that Plaintiff was aware that Defendants were taking the position that they produced all of the training materials they had in their possession and that he needed to subpoena materials from third parties if he wanted or needed them.

As far as timeliness, Plaintiff asserts that he was under the impression that all pretrial deadlines were going to be moved and that the parties were working towards a settlement and mediation. Contrary to Plaintiff's assertion, the Court's prior Order was clear: if Plaintiff's Motion to Compel (Docket # 38) was granted, the parties were instructed to meet and confer, and then contact the Court, to set a call to review the scheduling order. (Docket # 41). Since the Motion was not granted, there was no need to review the scheduling order and reset the deadlines. If Plaintiff wanted or needed the deadlines to be reassessed regardless of the outcome of his prior Motion to Compel, he should have raised that issue with the Court.

With regard to Plaintiff's reliance on a potential settlement conference to extend discovery deadlines, Judge Russell only referred this case for settlement on February 1, 2018 (Docket # 40), the same date that fact discovery closed. Neither party informed the Court that settlement negotiations were taking place prior to the referral or even after the referral. Plaintiff concedes that he has not given a demand to Defendant nor received an offer. (Docket # 48, p. 15).

Plaintiff has not shown good cause to warrant extending, and effectively reopening, discovery in order to issue various subpoenas and conducts depositions for materials and information that could have been gathered before the close of discovery. Plaintiff knew that he wanted these materials when he initially requested them and received Defendants' responses in November 2016. Plaintiff had from June 21, 2016 to February 1, 2018, to request the training

materials from Defendants and/or subpoena the materials from any organizations. *See Bradford v. Shrock,* 3:11CV-00488-DJH, 2017 WL 3444801, at \*3 (W.D. Ky. Aug. 10, 2017) (noting that the primary measure of the good cause standard is whether the moving party was diligent in pursuing discovery and finding that defendant failed to show that they were diligent in pursuing certain discovery during the allotted discovery period). It is only now, after discovery has closed and Plaintiff's prior Motion to Compel various documents, including Defendant Marcum's psychiatric records, has been ruled on and denied (Docket #41), that Plaintiff asserts that these materials and information are necessary. Accordingly, Plaintiff's request to extend the discovery deadline in order to issue subpoenas to third parties for training materials is denied.

*Deposition of Corporate Representative or Sheriff John Aubrey*

Plaintiff has not shown good cause for extending the discovery deadline to depose Sheriff John Aubrey or a corporate representative regarding training relevant to Plaintiff's claims. Notably, Plaintiff does not give any explanation for why he needs to depose Sheriff John Aubrey or another corporate representative regarding the training both deputies received.

Conversely, Defendant argues that Plaintiff could have deposed Sheriff Aubrey at any time prior to the close of discovery and chose not to do so. Defendant contends that Plaintiff disclosed Sheriff Aubrey, and 112 other people and categories of people as having knowledge or information that is likely to lead to the discovery of relevant information in its initial disclosures on July 16, 2016. The Court agrees. Moreover, Plaintiff's Motion shows that he deposed both Defendant Deputy Marcum and Deputy Shipp during the discovery period and questioned them about their training. If Plaintiff was not satisfied with the depositions or the alleged lack of training materials, he could have deposed a corporate representative or Sheriff John Aubrey

before discovery closed. Accordingly, Plaintiff's request to depose a corporate representative or Sheriff John Aubrey is denied.

*Expert Disclosures*

Plaintiff has shown good cause for extending the deadline for his expert disclosures. On February 20, 2018, this Court denied Plaintiff's Motion to Compel various psychological records. (Docket # 41). Plaintiff's expert disclosure deadline was March 1, 2018. Plaintiff asserts that although the Court's ruling on the Motion did not impact some pretrial deadlines, other deadlines were impacted, like Plaintiff's expert disclosure deadline. For example, Plaintiff's consulting expert requested Deputy Marcum's pre-employment psychiatric evaluation as well as policies and procedures regarding pre-employment policies. Plaintiff's expert report was going to be different based on whether it included the requested psychiatric records.

Moreover, Defendants stated that they had no objection to extending Plaintiff's expert disclosure deadline. (Docket # 50).

Therefore, Plaintiff's request to extend his deadline for expert disclosures is granted.

**Conclusion**

**IT IS HEREBY ORDERED** Plaintiff's Motion to Set Definitive Deadlines for Discovery and Expert Disclosures is GRANTED in part and DENIED in part. (Docket # 48). Plaintiff's requests to extend the discovery period to issue subpoenas to third parties regarding Defendants' training and to depose a corporate representative or Sheriff John Aubrey is denied. Plaintiff's request to extend the expert disclosure period is granted.

**IT IS FURTHER ORDERED** that all remaining deadlines in the Scheduling Order are VACATED. (Docket # 34). The following briefing schedule is now in place:

(1) Plaintiff's expert disclosures are due by June 10, 2018.

(2) Defendant's expert disclosures are due by July 10, 2018.

(3) The parties shall complete expert discovery by August 19, 2018.

(4) The parties shall file all dispositive motions and any motions objecting to the admissibility of expert testimony by September 12, 2018.

(5) All other conditions set forth in the prior Scheduling Order (Docket # 34) remain unchanged.

**IT IS SO ORDERED.**

**Lanny King, Magistrate Judge**
**United States District Court**

April 10, 2018

c:       Counsel